UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

- - - - - - - - - - - - - - -

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

WENDY VANESSA ACOSTA-
AREVALO,

        Defendant.
_____/

No. 1:25-CR-76

Hon. JANE M. BECKERING
U.S. District Judge

## PLEA AGREEMENT

This constitutes the plea agreement between Wendy Vanessa Acosta-Arevalo and the United States Attorney's Office for the Western District of Michigan. The terms of the agreement are as follows:

1.    <u>Defendant Agrees to Plead Guilty</u>. Defendant agrees to plead guilty to the Indictment. The Indictment charges Defendant with interstate transportation of stolen property in violation of Title 18, United States Code, Section 2314.

2.    <u>Defendant Understands the Crime</u>. In order for Defendant to be guilty of violating Title 18, United States Code, Section 2314, the following must be true:

    a. The defendant transported or caused to be transported in interstate commerce items of stolen property as charged in the indictment;

    b. At the time of such transportation, the defendant knew that the property had been stolen;

    c. The items had a value of $5,000 or more.

Defendant is pleading guilty because Defendant is guilty of the charge described above.

3. <u>Defendant Understands the Penalty</u>. The statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2314, is the following:

   a. 10 years of imprisonment;

   b. 3-year period of supervised release;

   c. fine of $250,000, or twice the gross gain or gross loss resulting from the offense, whichever is greater; and

   d. mandatory special assessment of $100.

4. <u>Assessments, Restitution, Other Criminal Monetary Penalties, and Financial Cooperation</u>.

   a. <u>Assessment</u>. Defendant agrees to pay the special assessment on the day of sentencing.

   b. <u>Restitution</u>. Defendant acknowledges the Court will order restitution as required by law. Pursuant to Title 18 U.S.C. Sections 3663A(a)(3) and 3663(a)(3), Defendant agrees to pay restitution for losses to all victims, including victims of the count of conviction and victims of uncharged relevant conduct in which Defendant has been involved. The parties currently believe that the applicable amount of restitution is as follows:

| Date | Victim City, State | Loss Amount |
|---|---|---|
| November 21, 2024 | A.N. Westerville, OH | $116,320.00 |

| November 25, 2024 | S.S. Mason, OH | $185,000.00 |
| --- | --- | --- |
| December 5, 2024 | V.P. Grand Rapids, MI | $266,369.00 |

The parties recognize and agree that these amounts could change based on facts that come to the attention of the parties prior to sentencing. The Court will determine the final amount at sentencing.

5.  Financial Cooperation. Defendant also:

i.  agrees to fully and truthfully complete and return the financial disclosure form the U.S. Attorney's Office provides, including any waivers, consents, or releases requested to access records to verify the financial information within 30 days of the date of this plea agreement;

ii.  agrees that any restitution or other criminal monetary penalties imposed by the Court shall be due and payable immediately, any payment plan set by the Court represents a minimum payment obligation, and the United States may immediately enforce the judgment in full; and

iii. agrees that prior to sentencing will not sell or give away any asset worth $5,000 or more, without first notifying the U.S. Attorney's Office. Defendant also agrees to notify the U.S. Attorney's Office of any proceeding, such as foreclosure or divorce, that may impact Defendant's financial condition.

6.  Removal from the United States. Defendant understands that the convictions in this case may subject Defendant to removal from the United States, denial of citizenship, and/or denial of admission to the United States in the future.

7. <u>Supervised Release Defined</u>. Supervised release is a period of time following imprisonment during which Defendant will be subject to various restrictions and requirements. Defendant understands that if she violates one or more of the conditions of any supervised release imposed, she may be returned to prison for all or part of the term of supervised release, which could result in the Defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. <u>Asset Forfeiture and Financial Accountability</u>. Defendant agrees to disclose to law enforcement officials the whereabouts of, the Defendant's ownership interest in, and all other information known to Defendant about, all assets, money or property of any kind, derived from or acquired as a result of, or used to facilitate the commission of Defendant's illegal activities. Defendant agrees to assist and cooperate in the recovery of all monies, property, or assets derived from, or acquired as a result of the offense charged in Indictment Defendant further agrees to forfeit all rights, title, and interest in and to such items.

Defendant agrees to fully cooperate with the federal government in the seizure and forfeiture of assets under Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which includes, among other things, any property, real or personal, which constitutes or is derived from proceeds traceable to the offenses charged in the Indictment. Specifically, Defendant agrees to forfeit to the United States $266,369.00 in United States Currency, which is any property, real or personal, which constitutes or is derived from proceeds traceable to the offense

charged in the Indictment. Defendant admits that the $266,369.00 in United States Currency is subject to forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), and Title 28, United State Code, Section 2461(c). Defendant consents to the entry of a preliminary order of forfeiture concerning $266,369.00 in United States Currency at or before the time of sentencing.

9.  Factual Basis of Guilt. Defendant and the U.S. Attorney's Office agree and stipulate to the following statement of facts which need not be proven at the time of the plea or sentencing:

On December 5, 2024, Defendant participated in the burglary of a residence located on Burton Pointe Boulevard, in Grand Rapids, Michigan. Defendant and her co-defendants stole approximately $266,369.00 worth of cash, jewelry, precious metals, gems and other valuables. In preparation for the burglary, Defendant and her co-defendants used the internet, online databases, and social media to research the victim's business and home addresses; map directions; and estimate police response time. The defendants installed GPS tracking devices on the victim's vehicles to monitor their movements. On December 6 and December 7, 2024, Defendant traveled with the cash and stolen property from Michigan and she aided and abetted co-defendants who traveled across state lines with cash and stolen property. Some co-defendants traveled to New York and Defendant traveled back to California. Defendant identified a specific place in New York City and provided directions to co-defendants where to sell the stolen property. The jewelry, gems, precious

metals, and other valuable property were then sold and converted to cash. Defendant and the co-defendants knew that the cash and property had been stolen at the time it was transported across state lines. Defendant admits that she received a share of the proceeds of stolen cash and property and she knew that it was stolen cash and property and that it had traveled across state lines.

10. <u>Acceptance of Responsibility</u>. The U.S. Attorney's Office agrees not to oppose Defendant's request for a two-level reduction of her offense level for acceptance of responsibility under Section 3E1.1(a) of the Sentencing Guidelines. However, the U.S. Attorney's Office reserves the right to object to Defendant's request if it subsequently learns of conduct by Defendant that is inconsistent with the criteria set forth in the Commentary to Section 3E1.1. Should the Court grant a two-level reduction as provided herein, the Government will move the Court to grant an additional one-level reduction if the adjusted offense level is 16 or greater pursuant to Section 3E1.1(b).

11. <u>Non-Prosecution Agreement</u>. The U.S. Attorney's Office for the Western District of Michigan agrees, except for crimes of violence and criminal tax violations (including conspiracy to commit such violations chargeable under 18 U.S.C. § 371), not to further prosecute Defendant for violation of 18 U.S.C. § 371 arising out of Defendant's participation in a conspiracy to commit burglaries and the subsequent interstate transportation of stolen property. Defendant understands that the U.S. Attorney's Office is free to prosecute Defendant for any

other unlawful past conduct or any unlawful conduct that occurs after the date of this agreement.

12. <u>The Sentencing Guidelines</u>. Defendant understands that, although the United States Sentencing Guidelines (the "Guidelines") are not mandatory, the Court must consult the Guidelines and take them into account when sentencing Defendant. Defendant understands that the Court, with the aid of the presentence report, will determine the facts and calculations relevant to sentencing. Defendant understands that Defendant and Defendant's attorney will have the opportunity to review the presentence report and to make objections, suggestions, and recommendations concerning the calculation of the Guideline range and the sentence to be imposed. Defendant further understands that the Court shall make the final determination of the Guideline range that applies in this case, and may impose a sentence within, above, or below the Guideline range, subject to the statutory maximum penalties described elsewhere in this Agreement. Defendant further understands that disagreement with the Guideline range or sentence shall not constitute a basis for withdrawal of the plea.

13. <u>There is No Agreement About the Final Sentencing Guidelines Range</u>. Defendant and the U.S. Attorney's Office have no agreement as to the applicable Sentencing Guidelines factors or the appropriate guideline range. Both parties reserve the right to seek any sentence within the statutory maximum, and to argue for any criminal history category and score, offense level, specific offense characteristics, adjustments and departures.

14. <u>Waiver of Constitutional Rights</u>. By pleading guilty, Defendant gives up the right to persist in a plea of not guilty and the right to a speedy and public trial by jury or by the Court. As a result of Defendant's guilty plea, there will be no trial. At any trial, whether by jury or by the Court, Defendant would have had the following rights:

    a. The right to the assistance of counsel, including, if Defendant could not afford an attorney, the right to have the Court appoint an attorney to represent Defendant.

    b. The right to be presumed innocent and to have the burden of proof placed on the Government to prove Defendant guilty beyond a reasonable doubt.

    c. The right to confront and cross-examine witnesses against Defendant.

    d. The right, if Defendant wished, to testify on Defendant's own behalf and present evidence in opposition to the charges, including the right to call witnesses and to subpoena those witnesses to testify.

    e. The right not to be compelled to testify, and, if Defendant chose not to testify or present evidence, to have that choice not be used against Defendant.

    f. By pleading guilty, Defendant also gives up any and all rights to pursue in this Court or on appeal any affirmative defenses, Fourth Amendment or

Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

15. <u>Waiver of Appellate Rights</u>. Defendant gives up her right to directly appeal her conviction, sentence, or any other matter relating to this prosecution on any ground, except as to claims that the sentence exceeds the statutory maximum.

16. <u>The Court is not a Party to this Agreement</u>. Defendant understands that the Court is not a party to this agreement and is under no obligation to accept any recommendation by the U.S. Attorney's Office or the parties regarding the sentence to be imposed. Defendant further understands that, even if the Court ignores such a recommendation or imposes any sentence up to the maximum established by statute, Defendant cannot, for that reason, withdraw her guilty pleas, and she will remain bound to fulfill all of her obligations under this agreement. Defendant understands that no one—not the prosecutor, Defendant's attorney, or the Court—can make a binding prediction or promise regarding the sentence Defendant will receive, except that it will be within the statutory maximum.

17. <u>This Agreement is Limited to the Parties</u>. This agreement is limited to the U.S. Attorney's Office for the Western District of Michigan, and cannot bind any other federal, state or local prosecuting, administrative or regulatory authority. This agreement applies only to crimes committed by Defendant. This agreement does not apply to or preclude any past, present, or future forfeiture or civil actions.

18. <u>Consequences of Breach</u>.  If Defendant breaches any provision of this agreement, whether before or after sentencing, the United States shall have the right to terminate this agreement, or deny any or all benefits to which Defendant would otherwise be entitled under the terms of this agreement.  In the event that the United States elects to terminate this agreement, the agreement shall be considered null and void, and the parties shall return to the same position they were in prior to the execution of this agreement, as though no agreement ever existed.  In such an event, Defendant shall remain liable for prosecution on all original charges, and the United States shall be free to bring such additional charges as the law and facts warrant.  Defendant further agrees to waive and forever give up her right to raise any claim that such a prosecution is time-barred if the prosecution is brought within one (1) year of the breach that gives rise to the termination of this agreement.

*Space intentionally left blank.*

United States v. Wendy Vanessa Acosta-Arevalo
1:25-CR-76
Plea Agreement

19. <u>English Version of Agreement Controls</u>. Defendant agrees that, if there are any discrepancies between the English version and the Spanish translation of this agreement, the English version controls.

TIMOTHY VERHEY
United States Attorney

July 25, 2025
Date

DANIEL Y. MEKARU
Assistant United States Attorney

I have read this agreement and carefully discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. My attorney has advised me of my rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. No promises or inducements have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. Finally, I am satisfied with the representation of my attorney in this matter.

7/25/2025
Date

WENDY VANESSA ACOSTA-AREVALO
Defendant

I am Wendy Vanessa Acosta-Arevalo's attorney. I have carefully discussed every part of this agreement with my client. Further, I have fully advised my client of her rights, of possible defenses, of the sentencing provisions, and of the consequences of entering into this agreement. To my knowledge, my client's decision to enter into this agreement is an informed and voluntary one.

7/25/2025
Date

MICHAEL DAVID ADAMS
Attorney for Defendant

11